IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY MARTEN, <br>    Plaintiff | ) ) ) | C.A. No. 11-172 Erie |
| v. | ) ) | Magistrate Judge Baxter |
| JOHN HENDRICKS, <br>    Defendant | ) ) ) | |

# OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter.

## I.   INTRODUCTION

### A.   Relevant Procedural and Factual History

On August 15, 2011, Plaintiff Jeffrey Marten, a prisoner incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"), initiated this *pro se* civil rights action under 42 U.S.C. § 1983, against Defendant John Hendricks, a corrections officer at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion").

Plaintiff alleges that on March 7, 2011, he was temporarily transferred from SCI-Forest to SCI-Albion to attend a federal jury trial in Erie, Pennsylvania. Upon his arrival at SCI-Albion, Defendant immediately placed Plaintiff in a "psychiatric observation hard cell," which was allegedly "contaminated with feces, urine, pubic hairs, and blood from previous occupants." (ECF No. 4, Complaint, at ¶ 2). Plaintiff alleges that when he asked why he was being placed in a psychiatric observation hard cell, Defendant responded that his placement was due to his pursuit of a lawsuit against another corrections officer. (Id. at ¶ 3). Plaintiff alleges that he remained in the hard cell from March 7, 2011, through March 24, 2011, at which time he was

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 2, 10].

transferred back to SCI-Forest. (Id. at ¶ 4). Plaintiff claims that Defendant's placement of him in a psychiatric observation hard cell was in retaliation for the exercise of his constitutional right to pursue a federal lawsuit.

Defendant filed an answer to Plaintiff's complaint on November 29, 2011. [ECF No. 11]. Plaintiff subsequently filed an amended complaint to further clarify his allegations on December 9, 2011 [ECF No. 14], and Defendant filed an answer to the amended complaint on January 6, 2012. [ECF No. 18].

On January 17, 2012, Plaintiff filed a motion for summary judgment seeking the entry of judgment in his favor as a matter of law. [ECF No. 19]. Defendant has since filed a response to Plaintiff's motion, arguing that Plaintiff has failed to show that there is no genuine issue as to any material fact. [ECF No. 21]. This matter is now ripe for consideration.

### B. Standards of Review
#### 1. Summary Judgment

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment shall be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(e)(2) further provides that when a motion for summary judgment is made and supported, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."
A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. Fed.R.Civ.P. 56(c). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641,

647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson, 477 U.S. at 248. Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 247-249.

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

In support of his summary judgment motion, Plaintiff has submitted his own Declaration stating, *inter alia*, that Defendant placed him in an observation hard cell because he was suing another correctional officer at SCI-Albion. (ECF No. 19 at p. 11, ¶ 6). In response, Defendant has submitted his own Declaration stating, *inter alia*, that he "never told Plaintiff that he was being placed in a particular cell due to a lawsuit he had filed against a Corrections Officer," and that Plaintiff was placed in the cell at issue because it was the only cell available at the time he arrived at SCI-Albion. (ECF No. 21-1 at p. 2, ¶ 2). Since the opposing Declarations are the only evidence of record at this early stage of the proceeding, it is clear that there exists a genuine issue of material fact as to whether Defendant placed Plaintiff in the cell at issue in retaliation for

Plaintiff's exercise of his constitutional right to file a lawsuit, which is the crux of this case. Thus, summary judgment is not available at this time.

    An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY MARTEN, | ) | |
|     Plaintiff | ) | C.A. No. 11-172 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| JOHN HENDRICKS, | ) | |
|     Defendant | ) | |

# ORDER

AND NOW, this 20th day of June, 2012,

IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment [ECF No. 19] is DENIED.

                                                           /s/ Susan Paradise Baxter
                                                          SUSAN PARADISE BAXTER
                                                          United States Magistrate Judge